UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AUTIN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00675-JRS-MG |
| ) | |
| JOINER, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Defendant's Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Austin Scott, an inmate at Wabash Valley Correctional Facility, brought this action under 42 U.S.C. § 1983 alleging that defendant Sergeant Joiner choked him with a leash on February 28, 2020. Mr. Joiner has moved for summary judgment, arguing that Mr. Scott failed to exhaust available administrative remedies before filing suit. Because Mr. Scott failed to exhaust available administrative remedies by filing a timely grievance, Sergeant Joiner's motion for summary judgment, dkt. [19], is **GRANTED**.

**I.     Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and need not "scour every inch of the record" for potentially relevant evidence. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573−74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.     Exhaustion Standard

"The applicable substantive law will dictate which facts are material" at summary judgment. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is 42 U.S.C. § 1997e(a), which requires that a prisoner exhaust available administrative remedies before bringing a suit concerning prison conditions. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90−91 (2006) (footnote omitted); *see Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). As the party

asserting the exhaustion defense, Sergeant Joiner must establish that administrative remedies were available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III. Facts

Mr. Scott alleges that on February 28, 2020, at Wabash Valley Correctional Facility, Sergeant Joiner choked him with a leash and then denied him medical treatment. Dkt. 1 at 3−4.

The Indiana Department of Correction has a three-step grievance process that applies to inmates at Wabash Valley. Dkt. 19-1 at 2, ¶¶ 6−11 (Thomas Wellington declaration); dkt. 19-2 (offender grievance policy). First, an inmate must file a formal grievance within 10 business days of the incident and after informal attempts to resolve his concern have failed. Dkt. 19-2 at 3. Second, if the inmate is not satisfied with the response to the formal grievance, he may submit an appeal to the warden. *Id.* Third, if the inmate is not satisfied with the response from the warden or the warden's designee, he may file an appeal to the Indiana Department of Correction grievance manager. *Id.* Inmates learn of the grievance process during orientation, and a copy of the current policy is maintained in the prison law library. Dkt. 19-1 at 2, ¶ 12.

Mr. Scott submitted a request for interview with Sergeant Joiner—sometimes called an "informal grievance"—on March 2, 2020. Dkt. 19-4 at 4. Sergeant Joiner responded, but the response is undated. *Id.* Mr. Scott then filed a formal grievance on March 24, 2020, complaining that Sergeant Joiner had choked him. *Id.* at 3. The grievance did not mention any denial of medical care. *Id.* As relief, Mr. Scott said he wanted Sergeant Joiner to lose his job. *Id.*

A grievance specialist returned the grievance on March 30, 2020, for (1) failing to try to informally resolve the complaint; (2) submitting a grievance on behalf of another person or group;

and (3) seeking a remedy—staff discipline—that is not appropriate to the grievance process. *Id.* at 2. The grievance return form states, "If you choose to correct the problem(s) listed above, you must do so and re-submit this form within five (5) business days." *Id.*

On April 3, 2020, Mr. Scott submitted a request for interview about the denial of his grievance. *Id.* at 5. A grievance specialist returned it, again noting that "staff discipline is not appropriate to the grievance process. In order for this to be processed, you have to make the appropriate corrections and resubmit within 5 business days." *Id.*

On April 8, 2020, Mr. Scott submitted another formal grievance complaining that Sergeant Joiner had choked him. *Id.* at 7. The grievance did not mention any denial of medical care. *Id.* The relief requested was, "I want to exhaust my administrative remedies." *Id.* This time, the grievance was returned as untimely. *Id.* at 8.

## IV.   Discussion

Mr. Scott failed to exhaust his available administrative remedies because he did not file a timely formal grievance to start the process.

The Court agrees with Mr. Scott that he *tried* to grieve his complaints by submitting a request for interview and two formal grievances. *See* dkt. 22 at 1 (plaintiff's response) ("The plaintiff did what the court ask[ed him] to do and what the Prison Litigation Reform Act ask[s] and that is to exhaust his administrative remedies or at [least] show that he at [least] try to exhaust his administrative remedies."). But trying is not enough. "To exhaust available remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Mr. Scott failed to file his first grievance within 10 business days after Sergeant Joiner's alleged conduct. That failure

means he did not strictly comply with the prison grievance procedure, so he did not exhaust available administrative remedies.

The Court notes that the grievance specialists' responses likely misled Mr. Scott about his opportunity to complete the grievance process. The grievance specialists told him to fix various errors and resubmit within five business days, which he apparently did. Sometimes this type of prison-created confusion will render a prison's grievance process unavailable. *See Reid*, 962 F.3d at 330 ("In the present case, we conclude that the prison's responses so obscured the process that there was no conceivable next step for [the plaintiff] to take.").

But the grievance policy here makes clear that Mr. Scott was required to file a formal grievance within 10 business days after the alleged misconduct. Dkt. 19-2 at 9. He did not, and his grievance was doomed for that reason. The grievance specialists' responses, while misleading, were too late to prevent Mr. Scott from properly completing the grievance process. At worst, they gave him false hope.

The record demonstrates that Mr. Scott failed to exhaust available administrative remedies before bringing his claims against Sergeant Joiner. Those claims must therefore be dismissed without prejudice. *See Fluker v. County of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013).

### V.    Conclusion

Defendant Sergeant Joiner's motion for summary judgment, dkt. [19], is **GRANTED**. All claims brought in this action have now been resolved, and final judgment shall now enter.

**IT IS SO ORDERED.**

Date:   11/12/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUSTIN SCOTT
249727
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

W. Andrew Kirtley
INDIANA ATTORNEY GENERAL
andrew.kirtley@atg.in.gov

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov